# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

MICHAEL TRICE                                                        PETITIONER

V.                                                                                      NO. 1:09CV154-A-D

CHRISTOPHER EPPS, et al.                                      RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Michael Trice for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

On February 6, 2006, Trice pled guilty to the sale of cocaine in the Lee County Circuit Court. On the same day, Trice was sentenced to twenty years imprisonment with fifteen years suspended. Since he pled guilty, Trice did not pursue an appeal.[1] He, instead, filed a petition for post-conviction relief in the trial court on November 15, 2006. The trial court denied his petition. Aggrieved by that decision, Trice appealed. The Mississippi Court of Appeals affirmed the trial court's decision on December 11, 2007. *See Trice v. State*, 992 So. 2d 638 (Miss. App. 2007). Trice then filed the instant petition on June 19, 2009[2] challenging his state court conviction.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

---

[1] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

[2] This is presumably the date Trice placed his signature on the petition. The court received the petition on June 23, 2009. Since the difference between the two dates is nondispositive, the court will use the one most favorable to Trice.

corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Since no direct appeal was taken, Trice's conviction and sentence became final thirty days after judgment was entered. Trice's conviction, thus, became final on March 8, 2006, the date on which his time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Trice, therefore, had one-year or until March 8, 2007, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2).

On November 15, 2006[3], Trice did file an application for leave to seek post-conviction relief in the trial court which was denied. Trice appealed the decision, which was affirmed, and then filed

---

[3] Again, the court uses the date that Trice signed his application for post-conviction relief. The trial court received his application on December 11, 2006.

a petition for a writ of certiorari to the State Supreme Court. Certiorari was denied on October 16, 2008. The A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Trice's motion was pending for 701 days.[4]

To be timely, therefore, Lester's federal habeas petition must have been filed one year plus 701 days from the date his conviction became final on March 8, 2006. Plainly stated, Trice had until February 6, 2009, to seek federal habeas relief. Trice, however, did not file this petition until June 19, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 133 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be equitably tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The principles of equitable tolling do not extend to the garden variety claims of excusable neglect. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). The inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Trice originally did not offer any excuse for his untimely petition. He has, however, replied to the Respondents' motion to dismiss and contends that the state prevented him from timely pursuing federal habeas relief by failing to properly treat his chronic pain. Along with his reply,

---

[4] The number of days is calculated from November 15, 2006, when Trice filed his application for post-conviction relief, to the State Supreme Court's denial of certiorari on October 16, 2008.

Trice has submitted medical records detailing treatment for chronic back pain associated with a degenerative condition. The records, however, cover a period of time from January 2004 through April 2004–prior to his conviction.

A habeas petitioner must allege more than the mere existence of physical ailments to invoke equitable tolling of the AEDPA's statute of limitations. The medical records submitted by Trice, at best, support his contention that he suffers from chronic pain. The records fall far short of demonstrating the alleged "state interference" or that the chronic pain prevented him from timely pursuing habeas relief. Indeed, if his claim is to be believed, Trice suffered from chronic pain since at least early 2004. Trice was indicted in October 2004. Yet despite his chronic malady, he was able to timely navigate the state habeas process through its completion. In this court's estimation, Trice has not shown the existence of "rare and exceptional circumstances" or that the state created an impediment which prevented him from timely filing his federal habeas petition. *See Caldwell v. Dretke*, 182 Fed. Appx. 346, 2006 WL 1519472 at *1 (5th Cir. May 26, 2006) (the absence of specific evidence of the impact of a medical condition on the ability to file a timely application prohibits the application of equitable tolling); *Watkins v. Dretke*, No. 4:05CV444-A, 2005 WL 3555412 at **1-2 (N.D. Tex. Dec. 29, 2005) (five knee surgeries during the one-year limitations period did not justify equitable tolling); *see, also Lang v. Alabama*, 179 Fed. Appx. 650, 651-52, 2006 WL 1208056 at **1-2 (11th Cir. 2006) (equitable tolling not applied where petitioner was diagnosed with cancer for which he received chemotherapy and also underwent coronary bypass surgery); *DeChamps v. Garvin*, No. 02 Civ. 10295 DC., 2003 WL 22019825 at **3-4 (S.D. N.Y. Aug. 27, 2003) (equitable tolling not applied where petitioner suffered a heart attack, which worsened and required catheterization, and underwent a kidney stone removal operation prior to the expiration of the applicable state of limitations).

Accordingly, the doctrine of equitable tolling will not be used to revive his untimely habeas claims. Consequently, the petition must be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the ___3rd___ day of November, 2009.


                                            /s/ Sharion Aycock  
                                          UNITED STATES DISTRICT JUDGE  
                                          NORTHERN DISTRICT OF MISSISSIPPI